IN THE _Circuit_ COURT OF THE _First_ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

Dorothy Howard _____ PLAINTIFF

VS. NO. 18-17

Reyes Holdings, LLC;
The Martin-Brower Company;
Brandon Rowe; and
John And Jane Does 1-10 DEFENDANT

I, ZACK WALLACE, CIRCUIT CLERK, OF THE CIRCUIT COURT IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE, AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN DOCKET BOOK NO. _____ PAGE NO. _____ TO WIT: _The entire file_

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE _21st_ DAY OF _February_, _2018_.

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY _C. Williams_ D.C.

**EXHIBIT 1**

CCKCTF1

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

DOROTHY HOWARD                                                          PLAINTIFF

VS.                                                    CIVIL ACTION NO.: 18-17

REYES HOLDINGS, LLC;
THE MARTIN-BROWER COMPANY;
BRANDON ROWE; and
JOHN AND JANE DOES 1-10                                                 DEFENDANTS

COMPLAINT
(Jury Trial Demanded)

COMES NOW Plaintiff, DOROTHY HOWARD, by and through her attorneys of record, and file this Complaint against Defendants REYES HOLDINGS, LLC; THE MARTN-BROWER COMPANY, L.L.C.; BRANDON ROWE; and JOHN AND JANE DOES 1-10. In support of this Complaint, Plaintiff would show unto this Honorable Court the following facts and matters, to-wit:

PARTIES

1. Plaintiff, Dorothy Howard, (hereinafter "Plaintiff") is an adult resident of Hinds County, Mississippi who resides at 3990 Willorun Drive, Jackson, Mississippi 39212.

2. Defendant Reyes Holdings, LLC (hereinafter "Defendant Reyes") is a Delaware limited liability company conducting business in the State of Mississippi. Process may be served upon said Defendant through its registered agent, The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure.

3. Defendant The Martin-Brower Company, L.L.C. (hereinafter "Defendant Martin-Brower") is a Delaware limited liability company conducting business in the State of Mississippi. Process may be served upon said Defendant through its registered agent, The Corporation Trust Company located at Corporation Trust Center, 1209 Orange

1

Street, Wilmington, Delaware 19801 by any means provided by Rule 4 of the Mississippi Rules of Civil Procedure.

4. Defendant, Brandon Rowe (hereinafter "Defendant Rowe") is an adult resident citizen of East Baton Rouge Parish, Louisiana. Process may be served upon said Defendant at his residence at 4768 Frey Street, Baton Rouge, Louisiana 70805-6900 by any means provided under Rule 4 of the Mississippi Rules of Civil Procedure. (Defendants in numbered paragraphs 3-4 may collectively be referred to as "Defendants.")

5. Defendants, John and Jane Does 1-10, are corporations, entities, businesses, individuals and the like which are presently unknown to the Plaintiff, but who are liable in this cause, and who are individuals the Plaintiff asserts are unable to be currently identified, despite diligent efforts. Said Defendants are named pursuant to M.R.C.P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortuous with respect to the injuries suffered by Plaintiff.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over this matter because the amount in controversy exceeds two hundred dollars ($200) exclusive of interest and costs.

7. Venue is proper in Hinds County, Mississippi.

## FACTS

8. On or about August 29, 2015, Plaintiff was in the process of verifying the orders on a delivery truck while working at the McDonald's on Highway 80 West in Jackson, Mississippi.

9. On said date, Defendant Rowe, a truck driver employed with Defendant Martin-Brower and/or Reyes, was in the process of unloading a delivery truck.

10. While unloading the truck, Defendant Rowe lost control of a fully loaded pallet jack.

11. The pallet jack negligently struck Plaintiff in the back and ran over the back of her foot.

12. Defendant Rowe failed to maintain control of the pallet jack which was a direct cause of the accident.

13. As a result of the accident, Plaintiff suffered significant mental and physical injuries.

14. The negligent actions and inactions by Defendants are the direct and proximate cause of the harm suffered by Plaintiff, including medical billing, wage loss, pain and suffering, and all other damages under applicable law.

## CAUSES OF ACTION

### I. Negligence

**A. By Defendant Rowe**

15. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

16. Defendant Rowe owed a duty to Plaintiff to maintain control of the pallet jack and not to collide with Plaintiff.

17. Defendant Rowe was negligent in the operation of the pallet jack and said negligence proximately caused Plaintiff's injuries.

18. Defendant Rowe at said time, date, and place of collision, was guilty of negligent acts and/or omissions which were the direct and/or proximate cause of the results of said accident and the resulting death and damages to Plaintiff, in one or more of the following ways to wit:

   a. Failure to keep a proper lookout;
   
   b. Failure to keep the pallet jack under reasonable and proper control;
   
   c. Operating the pallet jack at an excessive rate of speed under the facts and circumstances then and there existing;

    d. Failure to timely apply the brakes and/or stop said pallet jack;

    e. Failure to follow the policies and procedures of Defendant Martin-Brower and/or Reyes;

    f. Failure to do any other reasonable acts necessary to prevent said collision; and

    g. Other acts of negligence to be shown at trial.

19. As a direct and proximate result of the above mentioned negligence and breach of Defendant Rowe, Plaintiff was harmed.

**B. By Defendants Martin-Brower and/or Reyes Holdings**

20. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

21. Defendants Martin-Brower and/or Reyes Holdings wer guilty of negligent acts and/or omissions which were the direct and/or proximate cause of the collision and the resulting damages to Plaintiff, in one or more of the following ways to wit:

    a. Failure to properly screen the backgrounds of its employees, particularly Defendant Rowe, to insure that safe drivers are employed;

    b. Failure to properly train its employees, particularly Defendant Rowe, to ensure that safe drivers are operating its vehicles and/or equipment;

    c. Failure to properly monitor its drivers, particularly Defendant Rowe, to ensure that the drivers are operating its vehicles and/or equipment in a safe and reasonable manner;

    d. Negligent entrustment;

    e. Respondeat Superior for the acts of Defendant Rowe; and,

    f. Other acts of negligence which may be discovered in the course of this litigation.

22. As a direct and proximate result of the above mentioned negligence and breach of Defendants Martin-Brower and/or Reyes Holdings, Plaintiff was harmed.

## II. Respondeat Superior

23. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

24. At all relevant times, Defendants Rowe and John and Jane Does were acting within the course and scope of their employment with Defendants Martin-Brower and/or Reyes Holdings.

25. Defendant Rowe was working in the course and scope of his employment while operating a vehicle and equipment owned by Defendants Martin-Brower and/or Reyes Holdings and was at all times relevant carrying out responsibilities that said Defendants authorized him to perform.

26. Plaintiff alleges that Defendants Martin-Brower and/or Reyes Holdings are liable to Plaintiff under the theory of respondeat superior/vicarious liability for the actions and inactions of all agents/employees involved in said collision with Plaintiff.

27. Under the facts and circumstances alleged herein, Defendants Martin-Brower and/or Reyes Holdings are vicariously liable for the harms suffered by Plaintiff.

## III. Negligent Entrustment

28. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

29. The injuries, harm, and damages incurred by the Plaintiff as a result of Defendant Rowe operating the pallet jack in a negligent and reckless manner, which because of youth, inexperience, and/or prior actions, Defendants Martin-Brower and/or Reyes Holdings knew, or had reason to know of, involved an unreasonable risk of harm to others.

30. Defendants Martin-Brower and/or Reyes Holdings, as the owner of the vehicle and pallet jack, had the right to permit and the power to prohibit the use of said vehicle and pallet jack by Defendant Rowe.

31. As a direct result of Defendants Martin-Brower and/or Reyes Holdings negligently entrusting Defendant Rowe, who operated said pallet jack in a negligent and reckless manner, the Plaintiff, without any negligence of their own, did suffer the injuries, damages, and harm complained of herein.

### IV. Negligent Supervision/Training

32. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

33. Defendants Martin-Brower and/or Reyes Holdings owed a duty to properly supervise and train all employees, in the scope and course of their employment including instruction and training on the use of reasonable safety precautions while driving or operating equipment.

34. Defendants Martin-Brower and/or Reyes Holdings failed to ensure that its employees followed company safety policies, procedures and practices to prevent the injuries suffered by Plaintiff.

35. Defendants Martin-Brower and/or Reyes Holdings breached its duty by failing to properly instruct personnel to keep the pallet jack under reasonable and proper control, obey the "rules of the road", operate vehicles at an appropriate rate of speed under the existing facts and circumstances.

36. At all relevant times, Defendants Rowe and John and Jane Doe 1-10, were employees of Defendants Martin-Brower and/or Reyes Holdings and were acting within the course and scope of their employment.

37. Plaintiff was directly injured by Defendants Martin-Brower and/or Reyes Holdings'

6

breach of its above-listed duties.

38. Defendants Martin-Brower and/or Reyes Holdings breach of its duty was a direct and proximate cause of the harm suffered by Plaintiff and but for this negligent conduct, the harm suffered by Plaintiff would have been avoided.

## V. Negligent Infliction of Emotional Distress

39. Plaintiff hereby incorporates by reference the allegations contained in the above-mentioned paragraphs.

40. Defendants' negligent conduct was extreme and outrageous and said outrageous conduct caused Plaintiff severe emotional distress.

41. Defendants were negligent in part because each knew or had reason to know of facts that created a high risk of harm to Plaintiff and negligently proceeded to act in conscious disregard of, or in extreme indifference to, that risk.

42. Defendants' conduct was so outrageous in character, and so extreme in nature, as to exceed all possible bounds of decency. Defendants' conduct and/or actions proximately caused Plaintiff to suffer severe emotional distress.

## PUNITIVE DAMAGES

43. At all times pertinent hereto, and with respect to all aforementioned causes of action, Defendants were grossly negligent and acted willfully, wantonly and in reckless disregard for the safety of Plaintiff. Punitive damages are appropriate in order to punish the Defendants for their previously mentioned wrongful conduct and to deter Defendants from engaging in said wrongful conduct giving rise to this cause of action

## DAMAGES

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DOROTHY HOWARD, demands judgment from REYES HOLDINGS, LLC; THE MARTN-BROWER COMPANY,

L.L.C.; BRANDON ROWE; and JOHN AND JANE DOES 1-10, and requests this Honorable Court to grant relief as follows:

    a. Economic and non-economic damages in an amount provided by law and to be supported by evidence at trial;

    b. Compensatory damages for emotional and mental anguish, and loss of enjoyment of life in an amount to be determined at trial;

    c. At all times pertinent hereto, and with respect to all aforementioned causes of action, Defendants were grossly negligent and acted willfully, wantonly and in reckless disregard for the safety of Plaintiff. Punitive damages are appropriate in order to punish the Defendants for their previously mentioned wrongful conduct and to deter Defendants from engaging in said wrongful conduct giving rise to this cause of action;

    d. Reasonable attorney's fees, litigation expenses, expert witness fees, and cost of this litigation, together with all cost of court; and

    e. Past and future medical expenses/billing;

    f. Past and future pain and suffering;

    g. Past and future mental anguish and emotional distress;

    h. Past and future lost wages;

    i. Pre-judgment and post-judgment interest; and

    j. Any other relief to which Plaintiff may be justly and properly entitled, all within an amount within the jurisdiction of this Court.

DATED, this, the 11th day of January, 2018.

Respectfully Submitted,

DOROTHY HOWARD, Plaintiff

BY: *Darryl M. Gibbs*
     Darryl M. Gibbs

ATTORNEYS FOR PLAINTIFF:

Darryl M. Gibbs, Esq. (MSB #100232)
Ashley L. Hendricks, Esq. (MSB #104240)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi  39201
Telephone:    (601) 948-8005
Facsimile:    (601) 948-8010
dgibbs@cglawms.com
ahendricks@cglawms.com

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Rev 2016)

Court Identification Docket #: 1-1    Filed: 01/12/2018    Page 1 of 2

County #: 25    Judicial District: 1    Court ID: CI    Case Year: 2018    Docket Number: 17

Month: 01    Date: 12    Year: 18

In the CIRCUIT Court of HINDS County — FIRST Judicial District

**Origin of Suit** (Place an "X" in one box only)
[X] Initial Filing   [ ] Reinstated   [ ] Foreign Judgment Enrolled   [ ] Transfer from Other court   [ ] Other
[ ] Remanded         [ ] Reopened     [ ] Joining Suit/Action           [ ] Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: HOWARD, DOROTHY

Address of Plaintiff: 3990 WILLORUN DRIVE JACKSON, MISSISSIPPI 39212

Attorney (Name & Address): DARRYL M. GIBBS, 120 N. CONGRESS ST. STE. 200 JACKSON, MS 39201    MS Bar No. 100232

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Business: REYES HOLDINGS, LLC

**Nature of Suit** (Place an "X" in one box only)

Torts:
[X] Negligence - General

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI
<u>FIRST</u> JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____ _____
   File Yr    Chronological No.    Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

Individual: _____  _____  ( _____ ) _____ _____
         Last Name    First Name    Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
D/B/A _____

Business <u>THE MARTIN-BROWER COMPANY</u>
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: <u>ROWE</u>  <u>BRANDON</u>  ( _____ ) _____ _____
         Last Name    First Name    Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
D/B/A _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____  _____  ( _____ ) _____ _____
         Last Name    First Name    Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
D/B/A _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___



IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

DOROTHY HOWARD    PLAINTIFF

VS.    CIVIL ACTION NO.: 18-17

REYES HOLDINGS, LLC;
THE MARTIN-BROWER COMPANY;
BRANDON ROWE; and
JOHN AND JANE DOES 1-10    DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Brandon Rowe
      4768 Frey Street
      Baton Rouge, Louisiana 70805-6900

### NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.

YOU ARE HEREBY SUMMONED and required to serve on Plaintiff's Attorney, DARRYL M. GIBBS, ESQ., CHHABRA & GIBBS, P.A., 120 NORTH CONGRESS STREET, SUITE 200, JACKSON, MISSISSIPPI 39201, an answer to the Complaint which is being served on you with this Summons, within thirty (30) days after service of this Summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Issued under my hand and the seal of said Court, this the 10th day of January 2018.

BY: _____
DEPUTY CLERK

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, FIRST DISTRICT
P. O. BOX 327
JACKSON, MS 39205

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

DOROTHY HOWARD                                                              **PLAINTIFF**

VS.                                                       CIVIL ACTION NO.: 18-17

REYES HOLDINGS, LLC;
THE MARTIN-BROWER COMPANY;
BRANDON ROWE; and
JOHN AND JANE DOES 1-10                                                     **DEFENDANTS**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Reyes Holdings, LLC
      c/o The Corporation Trust Company, Registered Agent
      1209 Orange Street
      Wilmington, Delaware 19801

### NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.

YOU ARE HEREBY SUMMONED and required to serve on Plaintiff's Attorney, DARRYL M. GIBBS, ESQ., CHHABRA & GIBBS, P.A., 120 NORTH CONGRESS STREET, SUITE 200, JACKSON, MISSISSIPPI 39201, an answer to the Complaint which is being served on you with this Summons, within thirty (30) days after service of this Summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Issued under my hand and the seal of said Court, this the 12th day of January, 2018.

BY: _____
DEPUTY CLERK

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, FIRST DISTRICT
P. O. BOX 327
JACKSON, MS 39205

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

DOROTHY HOWARD ............................................................................. PLAINTIFF

VS.                                                           CIVIL ACTION NO.: 18-17

REYES HOLDINGS, LLC;
THE MARTIN-BROWER COMPANY;
BRANDON ROWE; and
JOHN AND JANE DOES 1-10 .............................................................. DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   The Martin-Brower Company, LLC
      c/o The Corporation Trust Company, Registered Agent
      1209 Orange Street
      Wilmington, Delaware 19801

### NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.

YOU ARE HEREBY SUMMONED and required to serve on Plaintiff's Attorney, DARRYL M. GIBBS, ESQ., CHHABRA & GIBBS, P.A., 120 NORTH CONGRESS STREET, SUITE 200, JACKSON, MISSISSIPPI 39201, an answer to the Complaint which is being served on you with this Summons, within thirty (30) days after service of this Summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Issued under my hand and the seal of said Court, this the 12th day of January, 2018.

BY: _____
    DEPUTY CLERK

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, FIRST DISTRICT
P. O. BOX 327
JACKSON, MS 39205